**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**BRUCE WITT**,

                                        Plaintiff,

                vs.                                                **COMPLAINT**

**UNITED STATES OF AMERICA,**                      **Civil Action No.:** 6:21-cv-06217
**THE NEW YORK STATE OFFICE OF**
**COURT ADMINISTRATION and**
**THE NEW YORK STATE DIVISION OF**
**CRIMINAL JUSTICE SERVICES,**

                                        Defendants.

Plaintiff, Bruce Witt, by its attorneys, Woods Oviatt Gilman LLP, for his complaint against the Defendants, allege as follows:

## PRELIMINARY STATEMENT

1.       This is an action brought by Plaintiff, Bruce Witt, against Defendants, United States of America ("USA"), The New York State Office of Court Administration ("OCA") and the New York State Division of Criminal Justice Services ("DCJS") (collectively, "the Defendants"). Plaintiff seeks the correction of his criminal record and restoration of his rights to purchase, own, use and possess firearms guaranteed by the Second Amendment to the United States Constitution and supported by 18 U.S.C. § 925A, together with ancillary declaratory relief and attorneys' fees as allowed by law.

## JURISDICTION AND VENUE

2.       This court has jurisdiction in this action by virtue of 28 U.S.C. § 1331 (federal question) and § 1346 (United States of America as defendant).  This case arises under the Constitution and laws of the United States of America and the USA is a defendant.

{8396900: }

3.      Venue of this action is set in the United States District Court for the Western District of New York by virtue of 28 U.S.C. §§ 1391(b)(2) and/or 1391(e)(1).

## THE PARTIES

4.      Plaintiff, Bruce Witt ("Plaintiff" or "Mr. Witt") is a United States citizen who resides in the State of New York within the Western District of New York, Rochester Division.

5.      Defendant, USA, is the federal government, of which the Federal Bureau of Investigation ("FBI") is a constituent agency.  Upon information and belief, the FBI administers the government's National Instant Criminal Background Check (NICS) system, which provides a method of checking whether prospective purchasers of firearms have disqualifying criminal convictions.

6.      Defendant, OCA, is a constituent agency of the State of New York, responsible for administering the functions of all New York State courts, including the City Court of the City of Rochester.  Those administrative functions include the collection, verification and processing of criminal court records.

7.      Defendant, DCJS, is a constituent agency of the State Of New York, responsible for collecting and compiling crime statistics within New York State and, upon information and belief, these statistics are submitted to the FBI as the State's official crime statistics.

## BACKGROUND

### A.  Plaintiff's 1974 Misdemeanor Conviction Did Not Disqualify Him Until 2009.

8.      In March of 1974, Plaintiff entered a plea of guilty to the charge of Criminal Possession of Stolen Property ("CPSP") in the Third Degree.  At the time, CPSP in the Third Degree was a Class A Misdemeanor and Plaintiff entered his plea with the understanding that a misdemeanor conviction would create no disabilities going forward, including any

disqualifications which would prevent him from engaging in hunting and related sporting activities.

9.     As a result of his conviction, Plaintiff was given a Two Hundred Fifty Dollar ($250.00) fine and sentenced to three years' probation.  According to Mr. Witt, after a few visits to the Probation Department, he was told he did not have to report any longer because he "did not pose a threat to society."

10.     Believing that he was under no disability as a result of his conviction, Plaintiff applied for a pistol permit in 1978.  The permit was issued later that year and, thereafter, Plaintiff purchased and sold a number of handguns.  Indeed, in 2004, when Plaintiff went to the Monroe County Clerk's Office in an effort to add another handgun to his pistol permit, he was told that he needed to reapply for a permit because his photograph was so dated.  Plaintiff promptly reapplied for his pistol permit, underwent a complete criminal background check and, once again, was issued a pistol permit.  (A copy of the Plaintiff's criminal history check request is attached hereto as **Exhibit "1"**).  Thus, at least as of 2004, Mr. Witt's 1974 conviction did not serve as an impediment to his receiving a pistol permit or being allowed to purchase firearms.

11.     In 2005, Plaintiff sought to purchase a .44 caliber revolver from Gander Mountain in Henrietta, New York.  He was required to undergo, yet again, a criminal history background check before he could add this revolver to his pistol permit.  (A copy of the paperwork associated with this purchase is attached hereto as **Exhibit "2"**).  He was able to purchase the gun without difficulty.

12.     In 2009, after his youngest son took and passed the New York State Hunter Safety Course in order to qualify for a youth hunting license, Mr. Witt sought to purchase a .22 long rifle for him.  Plaintiff wanted to teach his son about hunting in a safe and responsible manner and felt that he was ready to use a long rifle under the defendant's supervision.

13. For the first time in Plaintiff's life, his application to purchase a firearm was rejected by Gander Mountain based upon a rejection from law enforcement authorities. The rejection was based upon the defendant's conviction in March of 1974 for the crime of CPSP Third Degree. (A copy of the letter the defendant received from the FBI's NICS Section submitted in response to the defendant's inquiry is attached hereto as **Exhibit "3"**).

14. Because Mr. Witt was a gun owner and avid hunter and sportsman, the consequences of this rejection were significant and threatened to diminish his freedom by depriving him of his long-time form of recreation. Mr. Witt hunted all over the country and paid significant out-of-state hunting license fees for the privilege of doing so.

**B. The Deprivation of Plaintiff's Rights to Purchase, Own and Possess Firearms Was Based Upon an Error.**

15. At the time of the Plaintiff's 1974 conviction, CPSP Third Degree was a Class A Misdemeanor. Mr. Witt was convicted of a misdemeanor at that time. However, in 1986, the New York State Legislature added two additional levels of Criminal Possession of Stolen Property which had the effect of making CPSP Third Degree a Class D Felony and changing the misdemeanor to Criminal Possession of Stolen Property in the Fifth Degree (Penal Law § 165.40). Correspondingly, the Legislature amended § 265 of the Penal Law in 1999 to add CPSP in the Third Degree (then a felony) as an offense which would disqualify the defendant from using, carrying or possessing a firearm (§ 265.17(b)). Even after the modification of the Penal Law, the crime to which Mr. Witt pleaded guilty would, if based upon the value of the property he possessed ($20.00), have been a misdemeanor

16. Because of this retroactive increase in the level of CPSP Third Degree from a misdemeanor to a felony, Plaintiff's counsel wrote to NICS and requested the FBI to evaluate the defendant's situation in light of the characterization of the crime at the time of the conviction in

1974, rather than the more serious nature of Criminal Possession of Stolen Property in the Third Degree as of 1999 when the Amendment to § 265 of the Penal Law was made.

17.     On October 15, 2009, Plaintiff's counsel received a response from Mr. Charles Mays at the FBI.  He appeared unmoved by the argument and simply noted that, because CPSP in the Third Degree in violation of § 165.40 of the Penal Law was defined as a serious offense for which a conviction would prohibit the use or possession of a shotgun or rifle, the defendant's application to purchase a firearm was properly rejected.  (A copy of the Mr. Mays's e-mail is attached hereto as **Exhibit "4"**).  Mr. Mays did suggest that Mr. Witt seek a certificate of relief from civil disabilities to restore his right to purchase, own and possess firearms.

18.     Thus, Plaintiff's rights under the Second Amendment were taken away because of a mere change in nomenclature, not because the Legislature of the State of New York upgraded the crime to which the Plaintiff pleaded guilty from a misdemeanor to a felony.  Possession of stolen property with the value of the small black and white television the Plaintiff possessed in 1974 is a misdemeanor today just as it was in 1974.  That crime is no longer CPSP in the Third Degree; it is now CPSP in the Fifth Degree (Penal Law § 165.40), a Class A misdemeanor.  CPSP in the Third Degree (Penal Law § 165.50), a Class D felony, requires that the defendant possess property with a value in excess of three thousand dollars ($3,000.00).  Mr. Witt never pleaded guilty to a felony.

**C.  Plaintiff Secures a Permanent (or so he thought) Remedy in State Court.**

19.     Initially, Plaintiff sought relief from the court where the conviction has been recorded, the City Court for the City of Rochester in the form of a writ of *coram nobis* under CPL § 440.10, seeking to vacate the conviction altogether because of the circumstances of his plea.

20.     After the Monroe County District Attorney's Office opposed the Plaintiff's application, it was denied by City Court Judge John Schwartz.  Plaintiff sought permission to appeal pursuant to CPL § 4460.15.

21.     During the pendency of the application for permission to appeal and at the suggestion of presiding County Court Judge John DeMarco, Plaintiff's counsel and the Assistant District Attorney assigned to the matter reached an agreement whereby the parties consented to a disposition which would result in the issuance of an order granting Mr. Witt a certificate of relief from disability as the attorney for NICS had suggested (see Exhibit "4").

22.     Accordingly, on October 13, 2010, an order was entered by Judge DeMarco which, *inter alia*, directed that "to the fullest extent permitted by law, any forfeitures or disabilities which may result from, attach to or arise out of [Mr. Witt's] misdemeanor conviction, upon a plea, to criminal possession of stolen property in the third degree in March of 1974, be eliminated, discharged and otherwise relieved…" (a copy of Judge DeMarco's order is attached hereto as **Exhibit "5"**).

23.     Importantly, the October 2010 order also made specific reference to Mr. Witt's rights to "purchase, possess, own or use firearms."  The sixth decretal paragraph of the order states as follows:

> **ORDERED** that, in addition to any other rights or privileges restored by this Order, it is the express intention of this Court that this order serve as a New York Type C Certificate comparable to those issued by the New York State Division of Parole and Probation and, as such, that this order remove any disability on the part of [Mr. Witt] to purchase, possess, use or own firearms;

24.     The order also contemplated that it would become part of the record within the FBI's NICS system so that the pending transaction and all future transactions would be guided by its provisions.  The seventh decretal paragraph of the order states as follows:

> **ORDERED** that a copy of this order, with notice of entry thereof, be furnished to the Federal Bureau of Investigation's National Instant Criminal

Background Check ("NICS") Section so that the NICS Section can reconsider any previously denied firearms transactions, including but not limited to NICS transaction number 1FF5707 and can consult such Order in the event [Mr. Witt] has any future applications submitted to the NICS Section for its approval;

25.     The order also contemplated that, in the event [Mr. Witt] encountered any difficulty in the future in securing full restoration of his rights, he would be free to avail himself of the remedies afforded under state and federal law.  The eighth decretal paragraph of the order states as follows:

> **ORDERED** that the relief granted herein is not meant to be exclusive and that, in the event [Mr. Witt] is unable to secure a full restoration of his rights, including his right to purchase, own and possess firearms, he is free to avail himself of the remedies afforded under § 703-a of the Corrections Law (Certificate of Good Conduct) and 18 U.S.C. § 925A

26.     Plaintiff's counsel duly served a copy of the order upon the City Court of the City of Rochester, the New York State Department of Criminal Justice Services and the FBI's NICS Section (copies of the letter to these courts/agencies are attached hereto as **Exhibit "6"**).

### D. Plaintiff's Rights to Purchase, Possess, Use, and Own Firearms Were Restored (for Ten Years).

27.     After the order was served, Plaintiff's right to purchase, possess, use and own firearms were restored.  On October 20, 2010, Mr. Witt received a letter from the FBI advising him that: "we have been able to verify that you are eligible to purchase or redeem a firearm."  The letter also enclosed a certificate that Mr. Witt was instructed to deliver the firearms dealer which had been unable to process his purchase based upon the NICS earlier rejection (see, ¶ 12 above) (a copy of this letter is attached hereto as **Exhibit "7"**).  The certificate was limited to a single transaction.

28.     In order to more fully restore Plaintiff's Second Amendment rights and on April 4, 2011, the FBI advised Mr. Witt that he had been issued a Unique Personal Identification

Number (UPIN). This UPIN was intended to facilitate future firearms purchases by him (a copy of this letter is attached hereto as **Exhibit "8"**). The letter stated, in part:

> You have been issued a UPIN which will identify you as a person who has been entered into the VAF [Voluntary Appeal File] and whose criminal history contains no firearms prohibitions. Keep this original letter in a secure location. You will need to provide your assigned UPIN to the Federal Firearms Licensee (FFL) for each subsequent firearms transaction.

29.     On April 8, 2011, Plaintiff's counsel spoke to the individual at the FBI who had originally rejected Mr. Witt's appeal, Charles Mays (see ¶ 16 above). Mr. Mays acknowledged receipt of Judge DeMarco's order and confirmed that NICS records reflected the fact that Plaintiff had received relief from his disabilities and should be able to purchase firearms from that point forward.

30.     Plaintiff encountered no difficulties in purchasing firearms for nearly ten years after the order was delivered to the FBI. In May of 2013, he was able to purchase a Ruger Model 10/22 Serial #247-99312. On July 31, 2015, Plaintiff was able to purchase from Beikirch's a Smith & Wesson .357 Mag Revolver – Serial CUP6914. On June 2, 2017, he was able to purchase from Gander Mountain a Ruger Rifle 223 Rem – Serial 583-74202. And, as recently as May 30, 2019, he was able to purchase from Field & Stream a Franchi 48AL Shotgun, 20 Gauge – Serial FC65150. These purchases were all made using the UPIN which Plaintiff had been furnished by the FBI.

**E. Plaintiff's Rights Are Denied Again.**

31.     On December 1, 2020, Mr. Witt was unsuccessful in his attempt to purchase a shotgun from a dealer in Rochester, New York. According to what Mr. Witt was told, he was rejected by the FBI's NICS system as someone who was prohibited from purchasing firearms. That same day, he e-mailed the FBI to seek information as to why he was, once again, being denied the right to purchase a firearm (a copy of the e-mail he sent to the FBI and the response he received

are attached hereto as **Exhibit "9"**).  In response to the invitation in the FBI's responsive e-mail, Mr. Witt promptly challenged the denial.

32.     Mr. Witt also received a letter from the FBI, dated December 1, 2020, advising him that his UPIN was "deactivated" (a copy of this letter is attached hereto as **Exhibit "10"**).

33.     By letter dated December 16, 2020, the FBI rejected Mr. Witt's challenge to the denial of his ability to purchase firearms.  According to the FBI, "[y]our transaction indicates that you have been matched with the following state prohibitive information under Pursuant to New York State Penal Law (N.Y.P.L.) Section 265.01(4), a person is guilty of criminal possession of a weapon in the fourth degree when he/she has been convicted of a serious misdemeanor offense and is state prohibited from possessing a rifle or shotgun" (a copy of this letter is attached hereto as **Exhibit "11"**).

34.     Upon information and belief, the "state prohibitive information" referenced by the FBI was generated and maintained by Defendants, OCA and DCJS.

35.     Thus, notwithstanding the fact that Mr. Witt has been an upstanding citizen and business owner with no criminal record since his misdemeanor conviction in 1974, his Second Amendment rights have, once again, been taken away.  Without any advanced notice of, or explanation for, the change in his status, he is left with no alternative but to seek judicial relief.

### FIRST CLAIM FOR RELIEF
### 18 U.S.C. § 925A

36.     Plaintiff repeats and re-alleges paragraphs "1" through "35" as if more fully set forth herein.

37.     The underlying facts and circumstances which gave rise to Mr. Witt's plea of guilty to CPSP in the Third Degree, a misdemeanor, have not changed since 1974.  The change in the law which took place in 1986 adding new categories of the crime of Criminal Possession of Stolen Property, did not transform the crime to which Mr. Witt pleaded guilty from a misdemeanor into

a felony.  Criminal Possession of Stolen Property with a value of less than $200.00 remains a misdemeanor to this day.

38.      With respect to the possession of firearms, 18 U.S.C. § 922(g)(1) states as follows:

It shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Thus, as a matter of federal substantive law, in the absence of other aggravating circumstances not present here, a citizen is legally authorized to possess firearms, notwithstanding his or her conviction of a crime which is punishable for a term of one year or less.

39.      With respect thereto. 18 U.S.C. § 921(a)(20) defines the term "crime punishable by imprisonment for a term exceeding one year" and provides in pertinent part:

What constitutes a conviction of such crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.

As a matter of New York State law, the crime to which Plaintiff pleaded guilty was, at the time of his plea, conviction and sentencing, a Class A misdemeanor under New York State law and was not punishable by imprisonment for a term exceeding one year.

40.       To the extent the records of the FBI's NICS system do not reflect that the crime to which Plaintiff pleaded guilty was, at the time of his plea, conviction and sentencing, not punishable by imprisonment for a term exceeding one year, that information is erroneous.

41.      As a result of the foregoing, Plaintiff has been denied a firearm even though he was not prohibited from the receipt of a firearm pursuant to subsection (g) of 18 U.S.C. § 922.

42.      As a result of the foregoing, Plaintiff is entitled to relief under 18 U.S.C. § 925A.

**WHEREFORE,** Plaintiff, Bruce Witt, requests the following relief:

A.    An order directing that the Defendants correct the erroneous information stating or implying that Plaintiff was convicted of a crime which disqualifies him from purchasing, owning, possessing or using firearms and, in particular, deleting any record which states or implies that Plaintiff pleaded guilty to, was convicted of, or was sentenced for, a felony or other serious offense;

B.    An order directing that the transfer of the firearm in question (NTN 101R4KHP5) be approved;

C.    An order directing that Plaintiff's UPIN be reactivated in order to facilitate otherwise lawful future firearms purchases;

D.    A judgment declaring that Plaintiff is not prohibited from the receipt of a firearm pursuant to subsection (g) and/or (n) of 18 U.S.C. § 922;

E.    Reasonable attorneys' fees as authorized by law;

F.    A further declaration of the respective rights and responsibilities of the parties;

G.    Such other and further relief as the Court deems just and proper; and

H.    The costs and disbursements of this action.

Dated: March 4, 2021
Rochester, New York

**WOODS OVIATT GILMAN LLP**

By: _____

Donald W. O'Brien, Esq.
*Attorneys for Plaintiff*
1900 Bausch & Lomb Place
Rochester, New York 14604
585.987.2800
dobrien@woodsoviatt.com

# EXHIBIT 1



**Office of the**
**Monroe County Clerk**

**CRIMINAL HISTORY**
**CHECK REQUEST**

In order to comply with New York's designation as an alternate state under the "Brady Act", each licensee will submit the following information for a criminal history check, prior to the addition of any firearm to the licensee's existing pistol permit:

Date form submitted to the County Clerk: _4-5-04_     Received By: _CJ_

Name: _BRUCE A WITT SR_

Date of Birth: _▇▇▇▇▇▇▇▇_

Residence: _212 WildbriaR Rd_

Street Address                              Apartment #

_Rochester          NY          14623_
City, Town              State              Zip Code

Pistol Permit No.: _1198_     Original Date of License: _9/22/78_

Social Security #: _▇▇▇▇▇▇▇▇▇▇_

*Telephone Number: (_585_) _334-3556_

*Race: _White_     *Gender: _MALE_

This form will be submitted by the licensee to the Monroe County Clerk's Office with their pistol permit and one (1) form of photo identification. The criminal history check will be completed and this form will be returned to the Monroe County Clerk's Office by the respective law enforcement agency. The information marked with an asterisk (*) in the box above, is optional, but may expedite the processing of this form.

I attest that the information provided is true and correct.

_Bruce A Witt_
Signature of Applicant

---

**FOR LAW ENFORCEMENT AGENCY USE ONLY**

☐   Based on available information, this licensee is eligible for the transfer of any firearm to the licensee's pistol permit.

☐   Transfer of any firearm to this licensee is delayed pending further investigation by a law enforcement agency.

☐   LEADERS                              ☑   NCIC

_K Sheffer 1718_                          ___/___/___
Official Signature (IBM)                          Date

# EXHIBIT 2

 **GANDER MTN.**™

# FIREARMS SALE

**Date:** 06/13/2005
**4473#:** 7575
**Assoc. ID:** 521768, Marty

GM#254 - Henrietta FFL# 6-16-00799
300 Jay Scutti Rd.

Rochester, NY 14623
(585) 424-4100

**Sold To:**  Bruce Albert Witt Sr.
212 Wild briar  Road
Monroe County
Rochester, NY 14623
(585) 334-3556

| Inventory Number | Manufacturer/Importer | Model | Type | Caliber/Gauge | Serial Number |
|---|---|---|---|---|---|
| 736676055029 | Ruger | SUPER REDHAWK | Revolver | .44cal | 552-38123 |

> "The use of a locking device or safety lock is only one aspect of responsible firearm storage. For increased safety, firearms should be stored unloaded and locked in a location that is both separate from their ammunition and inaccessible to children and any unauthorized person."

**GANDER MOUNTAIN'S FIREARM GUARANTEE:**
All new firearms purchased from Gander Mountain are guaranteed against defects in materials and workmanship for a period of one year from the date of purchase. All used firearms purchased from Gander Mountain are guaranteed against defects in materials and workmanship for a period of 90 days from the date of purchase. Please save this receipt as your proof of purchase should warranty work become necessary.  Accidental damage, abuse, and barrel ruptures are not covered by this guarantee.

If you wish to extend your warranty, please ask your Gander Mountain Sales Associate about the Firearm Protection program.

Consistent with industry standards, ALL FIREARM SALES ARE FINAL.  No refunds or exchanges can be honored. Each firearm manufacturer requires that you read their owner's manual before using.

I understand the safe method of operations, handling and care of the above firearm(s) and acknowledge receipt of above in satisfactory condition.

Signed: _Bruce A Witt_      Date: _6-13-05_

# EXHIBIT 3



U. S. Department of Justice

Federal Bureau of Investigation

Clarksburg, WV 26306

September 28, 2009

Mr. Bruce Albert Witt, Sr.
49 Hartwood Drive
Rochester, NY  14623

        SUBJECT:  Firearm Denial Appeal Review
                 National Instant Criminal Background
                 Check System (NICS) Transaction
                 Number (NTN) ▬▬▬▬▬

Dear Mr. Witt:

      The fingerprints you submitted are identical with
those in a record that was used to deny your firearm purchase or
pawn redemption.  A copy of your FBI identification record is
enclosed for your review.  Unless additional materials in the
form of certified court documentation are submitted, we are
unable to reverse our original denial decision.  Your denial
indicates you have been matched with the following state
prohibitive criteria under **New York Code (NY Code), Article
265.01(4)**, which states that it is unlawful for an individual to
purchase or possess a shotgun or rifle and the **New York Penal
Law, Article 400.00**, which states it is unlawful for an
individual to obtain a handgun.  In summary, the statutes state
it is unlawful to obtain a firearm by an individual who has been
convicted of a serious offense and certain misdemeanor offenses,
as defined in NY Code Section 265.00(17).  Your conviction for
**Possession of Stolen Property Third Degree** on March 26, 1974, is
serious offense under NY Code §265.00(17); therefore, you are
prohibited from obtaining a firearm.

      If you wish to challenge the accuracy of the record
upon which the denial is based, **you may apply directly to the
original submitting agency for correction of the record.**  The
name and location of the agency that holds the denying
record/information can be found on the enclosed copy of your
FBI identification record in the highlighted area.  The
address for that agency is as follows:

               Rochester Police Department
                     Room 592
               185 Exchange Boulevard
              Rochester, NY  14614-2277
           Date of Arrest:  March 19, 1974
           Agency Case Number:  50031

Mr. Bruce Albert Witt, Sr.

        For further clarification regarding the record upon which
your denial is based, you may want to contact the Rochester City
Court.  The address for that agency is as follows:

                    Rochester City Court
                123 Public Safety Building
                    Rochester, NY  14614
                Court Case Number:  050031

        If your record is corrected, the FBI Criminal Justice
Information Services (CJIS) Division's NICS Section **must** be in
receipt of a copy of the agency's correction before we can
authorize the transfer of a firearm.  You may direct your written
challenge to the NICS Section; however, **it will not expedite your
appeal**.

        To facilitate initial processing and eliminate unnecessary
administration, once a disqualifier has been identified, the NICS
Section's Appeal Services Team (AST) will not review other records
for additional disqualifiers.  However, should your appeal be
successful on the initially denied record, the AST will examine any
additional records for disqualifying information which may result in
sustaining the denial.

        Ensure all correspondence/submissions contain your
NTN.  Failure to do so will only delay your appeal.

        Additionally, the NICS Section has determined
that you are not eligible to be entered into the Voluntary
Appeal File (VAF) due to the state prohibitor previously
mentioned.  Your VAF Applicant's Statement is being returned.

        If you have any questions regarding this communication,
you may contact the NICS Section's Customer Service at
1-877-444-6427.

                              NICS Section
                              CJIS Division

Enclosures(2)

# EXHIBIT 4

**O'Brien, Dan**

| | |
|---|---|
| **From:** | cmays@leo.gov |
| **Sent:** | Thursday, October 15, 2009 2:02 PM |
| **To:** | O'Brien, Dan |
| **Subject:** | Bruce A Witt |

Mr. O'Brien,

My name is Charles Mays with the FBI NICS Section and I'm contacting you regarding your client Mr. Bruce Witt and his denied firearm transaction, NICS Transaction Number (NTN) 1FF5707.   A review of the NICS records reveal Mr. Witt's transaction was denied based on a New York State Prohibiting Class A Serious Misdemeanor Offense of Possession of Stolen Property Third Degree, NY PL § 165.40.  Mr. Witt was descriptively matched with FBI criminal history record 308611L2 containing New York State record 3297905Y.  The criminal history records reveal a date of arrest 3-19-1974 with a conviction in the Rochester City Court.

Mr. Witt's conviction for the Possession of Stolen Property Third Degree, NY PL § 165.40, subjects him to state prohibition under NY Code 265.01(4) Criminal possession of a weapon in the 4th degree: A person is guilty of criminal possession of a weapon in the 4th. degree when he possesses a rifle or shotgun and has been convicted of a felony or serious (misdemeanor) offense. Pursuant to NY Code 265.00, Possession of Stolen Property Third Degree, NY PL § 165.40 is defined as serious offenses for which a conviction would prohibit and individual from possessing shotgun or rifle.

Mr. Witt may seek to resolve his state prohibition by seeking a New York Type C Certificate providing relief from firearm disability issued by the Division of Parole and Probation.  A Type C certificates issued for a serious (misdemeanor) offense only need to specify for the removal of disability with respect to the right to possess firearms, since no civil rights (i.e., the right to sit on a jury) are lost upon a misdemeanor conviction.

Please let me know if I can be of further assistance.
Charles Mays
Legal Administrative Specialist
FBI NICS Legal Research and Analysis

# EXHIBIT 5

At a motion term of the County
Court for the County of Monroe
held on the 16th Day of April,
2010, at the Hall of Justice,
Rochester, New York

Present:  Hon. John DeMarco
          Monroe County Court Judge

**COUNTY COURT**
**STATE OF NEW YORK        COUNTY OF MONROE**

PEOPLE OF THE STATE OF NEW YORK

        v.

BRUCE A. WITT, SR.,

                Defendant.

B # 2010/64

**ORDER**

**CR# 50031 (1974 Case)**
**NYS Record No. 3297905Y**

A motion having been brought pursuant to CPL § 460.15, on behalf of the defendant,
Bruce A. Witt, Sr., seeking permission to appeal from the order of the City Court of the City of
Rochester, entered on January 28, 2010, which denied the defendant's motion to vacate a
judgment of conviction, pursuant to CPL § 440.10; and the Court, having reviewed the motion
and the papers submitted in connection therewith;

**AND**, the Court, without having to reach the ultimate question as to whether or not the
determination of the Court below was in error, is empowered under Article 23 of the Correction
Law of the State of New York to relieve the defendant of various forfeitures and disabilities
resulting from the challenged conviction;

**AND**, the Court having duly noted that the crime of criminal possession of stolen
property in the third degree, at the time of defendant's conviction in 1974, was a Class A
misdemeanor but, as a result of the 1986 amendments to Article 165 of the Penal Law of the
State of New York, was changed to a Class D Felony;

{1116476:}

**AND,** the Court, having concluded on the basis of  the papers submitted, that the defendant poses no danger to the community and is otherwise deserving of the full restoration of his civil rights and privileges;

**AND,** the Court, having determined in accordance with §702(2) of the Corrections Law that (1) the defendant is an eligible for a certificate of relief from disability, (2) to the extent the defendant needed any rehabilitation at the time of his conviction, the relief granted herein is consistent with his progress since that time, and (3) the relief granted herein is consistent with the public interest;

**AND**, the defendant, represented by Woods Oviatt Gilman LLP, Donald W. O'Brien, Jr. Esq., of counsel, and the People of the State of New York, represented by Assistant Monroe County District Attorney Nicole M. Fantigrossi, having consented to an order relieving the defendant from any forfeitures and disabilities, instead of an order granting the defendant permission to appeal and/or vacating his judgment of conviction;

**NOW**, upon reading the notice of motion for leave to appeal, dated February 26, 2010 and the affidavit of Donald W. O'Brien, Jr., Esq., sworn to on the 26th day of February, 2010, in support of the motion for permission to appeal and the answering affirmation of Nicole M. Fantigrossi, Assistant District Attorney for the County of Monroe, in opposition to the defendant's motion;

**AND,** upon reading the papers submitted to, and considered by, the Court below: the notice of motion, pursuant to CPL § 440.10, dated November 20, 2009, the affidavit of Donald W. O'Brien, Jr., Esq., sworn to on the 20th day of November, 2009 with exhibits (5) attached thereto, the affidavit of Bruce A. Witt, Sr., sworn to on the 19th day of October, 2009 with exhibits (2) attached thereto, the affidavit of Deborah Catalano, sworn to on the 20th day of

October, 2009, the affidavit of Claudia Wood, sworn to on the 21st day of October, 2009, and the reply affidavit of Bruce A. Witt, Sr., sworn to on the 30th day of December, 2009, all in support of the motion to vacate the defendant's conviction; and the answering affirmation of Nicole M. Fantigrossi, Assistant District Attorney for the County of Monroe, dated December 21, 2009 with exhibits (2) attached thereto;

**AND**, upon reading the decision and order of the Hon. John R. Schwartz, Rochester City Court Judge, dated January 28, 2010; it is hereby

**ORDERED** that, to the fullest extent permitted by law, any forfeitures or disabilities which may result from, attach to or arise out of the defendant's misdemeanor conviction, upon a plea, to criminal possession of stolen property in the third degree in March of 1974, be eliminated, discharged and otherwise relieved; and, it is further

**ORDERED** that, because the 1986 amendments to Article 165 of the Penal Law of the State of New York changed the crime of criminal possession of stolen property in the third degree from a Class A Misdemeanor to a Class D Felony and the defendant's conviction has been, and continues to be, incorrectly reported as a felony conviction, the City Court of the City of Rochester, the New York State Office of Court Administration, the New York State Division of Criminal Justice Services and all other State agencies or officers with responsibility for generating and maintaining criminal history information are directed to make clear on any record maintained regarding the defendant that the crime of which he was convicted in 1974 was a misdemeanor, not a felony; and it is further

**ORDERED** that it is the express intention of this Court to relieve the defendant, Bruce A. Witt, Sr., from any disabilities which may be imposed by virtue of §§ 400.00(1)(c) and 265.00(17) of the Penal Law of the State of New York; and, it is further

**ORDERED** that, upon entry of this order, the defendant shall not be subject to arrest, prosecution or conviction under § 256.01(4) of the Penal Law of the State of New York, *by virtue of* his March 7, 1974 conviction for criminal possession of stolen property in the third degree; and, it is further

**ORDERED** that a copy of this order, with proof of entry thereof, be furnished to the Federal Bureau of Investigation for inclusion within FBI criminal history record 308611L2; and, it is further

**ORDERED** that, in addition to any other rights or privileges restored by this Order, it is the express intention of this Court that this order serve as a New York Type C Certificate comparable to those issued by the New York State Division of Parole and Probation and, as such, that this order remove any disability on the part of the defendant to purchase, possess, use or own firearms; and, it is further

**ORDERED** that a copy of this order, with notice of entry thereof, be furnished to the Federal Bureau of Investigation's National Instant Criminal Background Check ("NICS") Section so that the NICS Section can reconsider any previously denied firearm transactions, including, but not limited to NICS transaction number 1FF5707 and can consult such Order in the event the defendant has any future applications submitted to the NICS Section for its approval; and, it is further

**ORDERED** that the relief granted herein is not meant to be exclusive and that, in the event the defendant is unable to secure a full restoration of his rights, including his right to purchase, own and possess firearms, he is free to avail himself of the remedies afforded under §703-a of the Corrections Law (Certificate of Good Conduct) and 18 U.S.C. § 925A (remedy for erroneous denial of firearm); and it is further

**ORDERED** that the defendant's motion is, in all other respects, denied: and it is further

**ORDERED** that, in the event any issues or questions arise with respect to the interpretation and/or implementation of this order, the Court retains jurisdiction thereof.

DATED: 6/30/10
Rochester, New York

_____
Hon. John L. DeMarco
Monroe County Court Judge


Approved As To Form And Content: 6/21/2010

_____
Nicole M. Fantigrossi
Assistant District Attorney


Approved As To Form And Content: 6/22/2010

_____
Donald W. O'Brien, Jr.
Attorney for Bruce A. Witt, Sr.

# EXHIBIT 6

# Woods Oviatt Gilman LLP

*Attorneys*

700 Crossroads Building
2 State Street
Rochester, New York 14614

Tel: 585.987.2800
Fax: 585.454.5968
www.woodsoviatt.com

Writer's Direct Dial Number: 585.987.2810
Writer's Direct Fax Number: 585.987.2910
Email: dobrien@woodsoviatt.com

October 7, 2010

**VIA E-MAIL**
**AND FIRST CLASS U.S. MAIL**

Federal Bureau of Investigation
National Instant Criminal Background Check Section
1000 Custer Hollow Road
Clarksburg, WV 26306-0001

Attn: Charles Mays, Esq.

>       Re:    **Bruce A. Witt, Sr.**
>              **NICS No.: 1FF5707**

Dear Mr. Mays:

I am enclosing a certified copy of an order of the Monroe County Court (Hon. John DeMarco, presiding) granting my client, Bruce A. Witt, Sr., a certificate of relief from disabilities stemming from a 1974 Class A Misdemeanor conviction in Rochester City Court. Please see that this order is filed in the appropriate location and that it is included within the CHR database.

Please note that the seventh decretal paragraph of the order (P.4) contains the following directive:

> **ORDERED** that a copy of this order, with notice of entry thereof, be furnished to the Federal Bureau of Investigation's National Instant Criminal Background Check ("NICS") Section so that the NICS Section can reconsider any previously denied firearm transactions, including, but not limited to NICS transaction number IFF5707 and can consult such Order in the event that the defendant has any future applications submitted to the NICS Section for its approval;

This directive was deemed necessary after Mr. Witt was denied a firearms purchase on or about September 28, 2009 based upon the conviction which is the subject of this order.

⦿ *The art of representing people* ®

{1164170:}

Charles Mays, Esq.
  Federal Bureau of Investigation
October 7, 2010
Page 2


If you have any questions about this, please feel free to contact me.  Unless I hear to the contrary, I will assume that this order has been filed and appropriately incorporated into the NICS database.

Thank you for your cooperation.

Very truly yours,

WOODS OVIATT GILMAN LLP

Dan O'Brien


DOB/lat
Enc.

*The art of representing people* ®

# Woods Oviatt Gilman LLP

*Attorneys*

700 Crossroads Building
2 State Street
Rochester, New York 14614

Tel: 585.987.2800
Fax: 585.454.3968
www.woodsoviatt.com

Writer's Direct Dial Number: 585.987.2810
Writer's Direct Fax Number: 585.987.2910
Email: dobrien@woodsoviatt.com

October 7, 2010

Ms. Susan Osborne
New York State Division of Criminal Justice Services
4 Tower Place, 5th Floor
Albany, New York 12207

Re:  **Bruce A. Witt, Sr.**
**NYS Record No. 3297905Y**

Dear Ms. Osborne:

I am enclosing a certified copy of an order of the Monroe County Court (Hon. John DeMarco, presiding) granting Bruce A. Witt, Sr. a certificate of relief from disabilities stemming from a 1974 Class A. Misdemeanor conviction in Rochester City Court. Please see that this order is filed in the appropriate location and that it is included within the DCJS database.

Please note that the second decretal paragraph of the order (P.3) contains the following directive:

> **ORDERED** that, because the 1986 amendments to Article 165 of the Penal Law of the State of New York changed the crime of criminal possession of stolen property in the third degree from a Class A. Misdemeanor to a Class D Felony and the defendant's conviction has been, and continues to be, incorrectly reported as a felony conviction, the City Court of the City of Rochester, the New York State Office of Court Administration, the New York State Division of Criminal Justice Services and all other state agencies or officers with responsibility for generating and maintaining criminal history information are directed to make clear on any record maintained regarding the defendant that the crime of which he was convicted in 1974 was a misdemeanor, not a felony;

This directive was deemed necessary after Mr. Witt was detained at the Canadian border because a criminal records check conducted by Canadian authorities contained information indicating that Mr. Witt had been convicted of a felony in New York State because of the amendments of Article 165 of the Penal Law. This directive requires the DCJS to take affirmative steps to

® *The art of representing people* ®

{1164111:}

Ms. Susan Osborne
October 7, 2010
Page 2

review Mr. Witt's record and, to the extent it either states or implies that Mr. Witt was convicted of a felony, the record should be corrected.

If you have any questions about this, please feel free to contact me. Unless I hear to the contrary, I will assume that this order has been filed and appropriately incorporated into the DCJS database and the directive of the Monroe County Court has been followed.

Thank you for your cooperation.

Very truly yours,

WOODS OVIATT GILMAN LLP

Dan O'Brien

DOB/lat
Enc.

Writer's Direct Dial Number: 585.987.2831
Writer's Direct Fax Number: 585.987.2931
Email: esolimano@woodsoviatt.com

October 6, 2010

Rochester City Court
Criminal Division, Room 123
Hall of Justice
Rochester, New York 14614

Attention:  Kathy

> **Re:**   **People of the State of New York vs. Bruce A. Witt, Sr.**
> **CR# 50031 (1974 Case)**

Dear Kathy:

Enclosed herein please find a certified copy of an Order issued by the County Court with respect to the above-referenced matter.  Pursuant to my conversation with Eugene Crimi, Esq., please file this Order so that it becomes a part of the 1974 criminal case against Mr. Witt.

Please return a time-stamped copy of the filed Order to me in the prepaid envelope enclosed.

Thank you for your consideration.

Very truly yours,

WOODS OVIATT GILMAN LLP

Eileen A. Solimano
Paralegal

EAS/plm
Enclosures

# EXHIBIT 7



U. S. Department of Justice

Federal Bureau of Investigation

Clarksburg, WV 26306

October 20, 2010

Mr. Bruce Albert Witt Sr.
49 Hartwood Drive
Rochester, NY  14623

             SUBJECT:  Firearm Denial Appeal Review
                       National Instant Criminal Background
                       Check System (NICS) Transaction
                       Number (NTN)-1FF5707

Dear Mr. Witt:

        The fingerprints you previously submitted are
identical with those in a record that was used to deny your
firearm purchase or pawn redemption.  A copy of your FBI
identification record is enclosed for your review.  However,
based on the certified court documentation submitted, we have
been able to verify that <u>you are eligible to purchase or redeem
a firearm</u>.  Your certified court documentation is being
returned.  The FBI Criminal Justice Information Services (CJIS)
Division's NICS Section Firearm Appeal Certificate is enclosed.

        You must take this original certificate to the Federal
Firearms Licensee (FFL) who initiated your background check
through the NICS.  Present this original certificate to that
FFL.  The NICS Section recommends to the FFL that the
certificate be kept on file with your original Bureau of
Alcohol, Tobacco, Firearms and Explosives (ATF) Form 4473
reflecting the NTN listed above.  This certificate is good for
only one transaction; however, you may purchase multiple
firearms during the transaction **if permitted by state law.**

        If more than 30 days have elapsed since the initial
background check, the FFL must recheck the NICS before allowing
the transfer.  **The FFL must contact the NICS Section's Customer
Service to complete the additional NICS check.**

        Unfortunately, potential firearms purchasers who
experience recurring erroneous denials and extended delays
through the NICS Section may continue to experience these
denials or delays since the NICS is a name and descriptive-based
system rather than a **fingerprint** check.

# EXHIBIT 8



**U. S. Department of Justice**

Federal Bureau of Investigation

---

Clarksburg, WV 26306

April 4, 2011

Mr. Bruce Albert Witt Sr.
49 Hartwood Drive
Rochester, NY  14623-4713

SUBJECT:  National Instant Criminal Background
          Check System (NICS) Voluntary Appeal File (VAF)
          Unique Personal Identification
          Number (UPIN) ▮▮▮▮▮▮▮

Dear Mr. Witt:

        The Appeal Services Team (AST) of the FBI Criminal
Justice Information Services (CJIS) Division's NICS Section has
processed your application and has made a determination regarding
the status of your application.  The fingerprints you submitted are
identical with a record that we maintain in our database.  Based on
further review and investigation, we have been able to verify that
you are eligible to be placed in the VAF.  Your VAF Applicant
statement and fingerprint card are being returned.

        You are advised that entry into the VAF will not
automatically result in a proceed response on subsequent firearm
purchases.  A complete NICS check will be required on each
transaction and may result in a denied status, if prohibitive
information is discovered.

        You have been issued a UPIN which will identify you as
a person who has been entered into the VAF and whose criminal
history contains no firearm prohibitions.  Keep this original
letter in a secure location.  You will need to provide your
assigned UPIN to the Federal Firearms Licensee (FFL) for each
subsequent firearm transaction.

        In the future, if you decide that you no longer wish
to have your information retained in the VAF, you may submit a
written request to the AST to be removed from the VAF.  Upon

Mr. Bruce Albert Witt Sr.

of a transaction's proceed status.  If a potential purchaser is
denied or delayed a firearm and successfully appeals a decision,
the NICS cannot retain a record of the overturned appeal or the
supporting documentation.  If the record is unable to be
updated, the purchaser continues to be denied or delayed, and if
that individual appeals the decision, **the documentation must be
resubmitted on every subsequent appeal**.

A final rule was enacted on July 20, 2004, by the
Department of Justice in *The Federal Register,* Volume 69,
Number 141 describing the changes regarding the prompt
destruction of records.  The final rule allowed for the creation
of the **Voluntary Appeal File (VAF)**.  This process permits
applicants to request that the NICS Section maintain information
about them in the VAF, a separate file to be checked by the
NICS, to prevent erroneous denials and extended delays in the
future.  Lawful purchasers who have been denied or delayed a
firearm transfer because they have a name or date of birth
similar to that of a prohibited person may also request that the
NICS maintain information about them to facilitate future
firearm transactions.

On subsequent purchases, a complete NICS check is
still required for individuals who have been entered into the
VAF.  The transaction will result in a denial if prohibitive
information is discovered that was not present at the time of
entry into the VAF.

Under this process, potential purchasers may apply to
be considered for entry into the VAF by completing the **VAF
application** on the reverse side of the enclosed brochure and by
signing the **VAF Applicant's Statement**, located in the interior
of the brochure.  An original signature is required to authorize
the NICS Section to retain information that would otherwise be
destroyed upon the approval of the firearm transaction.  This
information includes but is not limited to a fingerprint card,
court documentation, correspondence, and information contained
in the applicant's appeal file, if one exists.

The VAF application process also requires that
positive proof of identity be provided.  A set of your rolled
fingerprint impressions prepared by a law enforcement agency
<u>must</u> accompany the VAF Applicant's Statement.  The fingerprint
card must contain the following information:

- The agency rolling the fingerprint impressions must
  include its agency name and address on the fingerprint

Mr. Bruce Albert Witt Sr.

      card in the designated area.  The agency's telephone
number and employee signature also must be included.

- The fingerprint card must be completed in its
  entirety.  The Name, Date of Birth, Sex, Race, State
  of Residence, and Country of Citizenship areas on the
  fingerprint card must be complete; however, the
  inclusion of any additional information may help
  expedite your appeal.

      The NICS Section will also accept any certified court
documentation that may assist in the application process.  This
may include, but is not limited to, court dispositions and
pardons.  Individuals may also provide evidence documenting a
Relief of Disabilities from the ATF.  This information will be
retained in the VAF and will <u>not</u> be returned.  If at any time an
individual wishes to be removed from the VAF, their
documentation will be destroyed upon request.

      All materials must be submitted in the enclosed
envelope via the United States Postal Service to the FBI
Criminal Justice Information Services Division, National Instant
Criminal Background Check System Section, Voluntary Appeal File,
Post Office Box 4278, Clarksburg, West Virginia 26302-4278.
**Facsimile and other electronic communications will not be
accepted.**

      If you have any questions regarding this
communication, you may contact the NICS Section's Customer
Service at 1-877-FBI-NICS(324-6427).

                        NICS Section
                        CJIS Division

Enclosures (6)

3

# EXHIBIT 9

**From:** brucesr@rochester.rr.com <brucesr@rochester.rr.com>
**Sent:** Tuesday, December 1, 2020 4:43 PM
**To:** Identity <Identity@FBI.GOV>
**Subject:** [EXTERNAL EMAIL] - Denial 101R4KHP5
**Importance:** High

Good Afternoon –

I was just denied for a firearm purchase; single shot shotgun.  NTN# 101R4KHP5.  Because this is a small gun shop, I didn't want to leave my SS# with all other personal information; I did include my UPIN#.  Was this possibly the reason for denial?

I have a UPIN - # ▮▮▮▮▮▮▮ (I believe they are zeros not "O"s); therefore, I don't understand why the denial and am requesting your assistance.

I have attached a court order issued after a previous incident about 10 years ago and the letter from NICS with my UPIN.

I look forward to hearing from you either by email or phone – brucesr@rochester.rr.com,  585-414-6256.

Thank you,
Bruce A. Witt, Sr.

## First Response:

Thank you for your inquiry,

You will need to file this free Challenge of the Firearm Related Denial and include the details on the challenge that you have just emailed to our department today.  A challenge has to be filed to try to clear the denial – this will take 60 days.

The National Instant Criminal Background Check System (NICS) is a descriptor based name search, if you believe you have been **erroneously denied**, you may submit a request to challenge the deny decision.

The agency which processed your NICS transaction is required to have a challenge process. You may make an application first to the denying agency, i.e., the state or local law enforcement agency that processed your transaction. As an alternative to challenging directly through the denying agency, you may elect to submit your challenge to the FBI Criminal Justice Information Services Division.

## You may request:

1. Reason(s) for your firearm-related denial
2. Challenge the reason(s) for your firearm-related denial (select this reason)

**Please Visit:**
https://www.edo.cjis.gov
If you have already requested a link and PIN and you did not complete the application process, or you keep getting an error message that link and PIN are no longer valid, you will need to go back and put your email address in again and request a new link and PIN to use.

1. On this website you will scroll to the bottom and complete the section titled "Challenging Your Identity History Summary OR Your Firearm Related Denial".

2. Under the heading "Challenging Your Identity History Summary or Your Firearm-Related Denial", enter your e-mail address and click "Submit"

3. You will receive an email titled Criminal Justice Information Services – open the email and click on the link
4. Enter your PIN you received in the email and click "Login"

5. The next web page will give you two options.  Select "Request Reason(s) For or Challenge Your Firearm-Related Denial"

6. Read the Privacy Act Statement, click the box by "I Accept", and click "Continue"

7. It is at this point you will have the option to request the reason(s) for your firearm-related denial, or the option to challenge the reason(s) for your firearm-related denial.  Select the drop-down menu under "Challenge Reason" and click on which option you wish to complete

8. Complete the required data fields and follow the online instructions to complete and submit your request

**For customers without internet access, you may mail a request to the address listed below:**

FBI CJIS Division
ATTN: CRIMINAL HISTORY ANALYSIS TEAM 1
BTC 3
1000 Custer Hollow Rd.
Clarksburg, WV 26306

The challenge submission **must** include:
1. NICS Transaction Number (NTN)
2. Your full name
3. Your complete mailing address

**Providing a set of your rolled fingerprint impressions by law enforcement or an authorized fingerprinting agency is highly recommended to help expedite your request to challenge a deny decision.**

A completed fingerprint card should contain the following:
4. Full name
5. Date of birth
6. Place of birth
7. Citizenship
8. Descriptive data (sex, race, height, weight, hair color, eye color)
9. Social security number (if you have one)
10. Signature of person being fingerprinted
11. Signature of official taking fingerprints and date
12. ORI number
13. Reason fingerprinted
14. All 14 fingerprint blocks

Everything else on the card can be left blank.

You will **mail** the fingerprint card to:

FBI CJIS Division
ATTN: CRIMINAL HISTORY ANALYSIS TEAM 1
BTC 3
1000 Custer Hollow Rd.
Clarksburg, WV 26306

**The FBI CJIS Division cannot release the reason for deny over the phone or email.**

Thank you,
Laura

If you need further assistance please contact:

Federal Bureau of Investigation (FBI)

*Criminal Justice Information Services (CJIS) Division*
*Quality & Analysis Support Unit (QASU)*
*Customer Service Group*
*Office Hours Monday-Friday*
*8:00am-5:00PM EST*
*(304) 625-5590*
*identity@fbi.gov*

*This e-mail may contain Personally Identifiable Information (PII) which must be protected in accordance with applicable privacy and security policies.  If you are not the intended recipient of this information, disclosure, reproduction, distribution or use of this information is prohibited.*

*Your Identity History Summary/Firearm-Related Challenge Request has been accepted and will be processed in the date order in which it was received.*

*Bruce Albert Witt*
*Your Order number is: C357920338*

*If you have any questions regarding this e-mail contact 304-625-5590 or identity@fbi.gov*

# EXHIBIT 10



**U.S. Department of Justice**

Federal Bureau of Investigation

Clarksburg, WV 26306
December 01, 2020

Mr. BruceAlbert Witt Sr
49 Hartwood Drive
Rochester, NY  14623-4713

SUBJECT:  National Instant Criminal Background Check System (NICS)
Voluntary Appeal File (VAF)

Dear Mr. Witt:

The FBI Criminal Justice Information Services (CJIS) Division's NICS Section has reviewed your VAF entry and discovered you are currently ineligible for the VAF.  Your Unique Personal Identification Number (UPIN) has been **deactivated**.  The record you matched by Fingerprint Card Comparison contains information that prohibits your VAF entry based on State prohibitive criteria based on a state statute, probation, parole, bond restriction, and/or a protection order, which includes a prohibition from possessing or receiving a firearm.

If you wish to challenge the accuracy of the record upon which your UPIN was deactivated, you may apply directly to:

Office of the Attorney General
15th Floor
28 Liberty Street
New York, NY  10005
Date of Arrest:  March 19,1974

If the record has been modified, the NICS Section must be in receipt of a copy of the agency's update before we can authorize your entry into the VAF.  You may resubmit your VAF application, completed fingerprint card, and any pertinent documentation online at www.fbi.gov/nics-appeals or by mail to the address below.

Federal Bureau of Investigation
Criminal Justice Information Services Division
NICS Section
NICS Functional Support Unit
Post Office Box 4278

Mr. Bruce Albert Witt Sr

Clarksburg, West Virginia  26302-4278

No further action will be taken until documentation is provided by the contributing agency or the NFSU is notified that the record has been updated.  Additional information regarding the VAF may be found on the website at www.fbi.gov/nics-appeals.

NICS Section
CJIS Division

# EXHIBIT 11



**U.S. Department of Justice**

Federal Bureau of Investigation

Clarksburg, WV 26306
December 16, 2020

BRUCE ALBERT WITT, SR.
49 HARTWOOD DRIVE
ROCHESTER, NY 14623

RE:  Firearm-Related Challenge
     NTN:  101R4KHP5

Dear Mr. Witt:

     The fingerprints you submitted are identical with those in a record used to deny your attempt to possess or receive a firearm.  The denying record(s) are on the enclosed copy of your FBI Identity History Summary (IdHS) and/or state-maintained criminal history.  Your transaction indicates you have been matched with the following state prohibitive information under Pursuant to New York Penal Law (N.Y.P.L.) Section 265.01(4), a person is guilty of criminal possession of a weapon in the fourth degree, when he/she has been convicted of a serious misdemeanor offense and is state prohibited from possessing a rifle or shotgun.  Your conviction(s) for date of arrest, March 19, 1974, and Possession Stolen Property 3rd Degree is a serious offense(s) as defined under N.Y.P.L. §265.00(17)(a) and (b); therefore, you are prohibited from possession or receiving a firearm.

     The material you submitted does not nullify your transaction's prohibition because it does not nullify the prohibition.  The FBI's Criminal Justice Information Services (CJIS) Division has verified the accuracy of the prohibiting record(s).  The agency that originated the document upon which the denial is based is as follows:

Rochester City Court
123 Public Safety Building
Rochester, NY  14614
Date of Arrest:  March 19, 1974
Agency Case Number:  74-50031

     The FBI is not permitted to give legal advice regarding ways to get your firearm rights back, but you may confer with an attorney of your own choosing to determine what remedies may potentially be available to you.

Biometric Services Section
Criminal Justice Information
Services Division

Enclosure

BRUCE ALBERT WITT, SR.
49 HARTWOOD DRIVE
ROCHESTER, NY 14623

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306

WVNICSA00                    CIDN                    ICN E2020351000000184518

TCN  WVFBIJM0Z-20201216193052-EDO-0000-07127

THE ENCLOSED RECORD, DATED 2020/12/16, WITH THE FBI NO. 308611L2  AND
NGI CONTROL NUMBER (NCN) E2020351000000184518 IS BEING PROVIDED AS THE
RESULT OF ELECTRONIC IDENTITY HISTORY REQUEST.
THE TENPRINT BIOGRAPHICS AS SUBMITTED IN THE ORIGINAL TRANSACTION ARE:
NAME: WITT,BRUCE ALBERT                              DOB ██████████

A CRIMINAL HISTORY REQUEST NOTIFICATION(S) WAS SENT BY THE FBI
TO THE FOLLOWING ORGANIZATIONS, EXCEPT FOR THOSE INDICATING THAT THE
REFERENCED SUBJECT IS DECEASED.

NEW YORK              - STATE ID/NY████████

SINCE THIS RESPONSE CONTAINS NATIONAL FINGERPRINT FILE (NFF) AND/OR III
PARTICIPANT STATE(S) REGULATED DATA, THE RESPONSE MAY NOT BE COMPLETE.
HOWEVER THE FBI MAINTAINED DATA FROM THE NON-RESPONDING III PARTICIPANT
STATE(S) IS INCLUDED IN THE RESPONSE.

WVNICSA00
NATL INSTANT CRIMINAL
BACKGROUND CHECK SYSTEM
1000 CUSTER HOLLOW RD
CLARKSBURG,WV 26306

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306

WVNICSA00                          ICN E2020351000000184518

THE FOLLOWING FBI IDENTIFICATION RECORD FOR 308611L2 IS FURNISHED FOR
OFFICIAL USE ONLY.
THE TENPRINT BIOGRAPHICS AS SUBMITTED IN THE ORIGINAL TRANSACTION ARE:
NAME WITT,BRUCE ALBERT  DOB ███████████

DESCRIPTORS ON FILE ARE AS FOLLOWS:

NAME WITT,BRUCE ALBERT

| SEX | RACE | BIRTH DATE | HEIGHT | WEIGHT | EYES | HAIR |
|-----|------|------------|--------|--------|------|------|
| M | W | ██████████ | 507 | 138 | HAZEL | BROWN |

BIRTH CITY        BIRTH PLACE
UNREPORTED        NEW YORK

CITIZENSHIP
UNITED STATES

HENRY CLASS
17 L  1 UA   I I  3
   M  1 T-T   I   0

OTHER BIRTH                        SOCIAL
DATES          SCARS-MARKS-TATTOOS  SECURITY    MISC NUMBERS

NONE           NONE                 ██████████  NONE

ALIAS NAME(S)
WITT,BRUCE A
WITT,BRUCE A SR

END OF COVER SHEET

********************   CRIMINAL HISTORY RECORD   **********************

**************************   Introduction   **************************

This rap sheet was produced in response to the following request:

```
FBI Number              308611L2
State Id Number         ████████████
Request Id              0159225112
Purpose Code            F
Attention               E2020351000000184518;R
```

The information in this rap sheet is subject to the following caveats:

According to our files, this individual does not appear to have History
in III. However this does not preclude the possibility that the FBI
does have a record. If you desire this information, please submit a
request directly to the FBI.

Sentencing - Where an individual is sentenced June 1, 1981 or later on
more than one charge within a docket, the sentence may be considered to
be concurrent unless identified as consecutive.

**************************   IDENTIFICATION   **************************

Subject Name(s)

WITT, BRUCE ALBERT

Subject Description

FBI Number              State Id Number
308611L2                ███████████████

Social Security Number
██████████████

Sex                     Race                    Skin Tone
Male                    White                   Medium

Height                                          Date of Birth
5'07"                                           ████████████████

Hair Color              Eye Color
Unknown                 Unknown

Place of Birth
New York
Residence
Residence as of
                        29 LEXINGTON CRT
                        ROCHESTER, NY

Residence as of

8 POPLAR GARDEN APT B
ROCHESTER, NY

```
*************************  CRIMINAL HISTORY  *************************

=========================== Cycle 001 ===========================
Tracking Number          804723K
Earliest Event Date      1974-03-19 Incident Date        1974-03-19
------------------------------------------------------------------
Arrest Date              1974-03-19
Arresting Agency         NY0270100 Rochester City Police Department
Subject's Name           WITT, BRUCE, ALBERT
Charge Tracking Number   804723K
            Statute      Criminal Possession Stolen Property:Value
                         Greater Than $250 (165.45 SUB 01 )
  NCIC Offense Code      2804
  State Offense Code     PL 165.45 SUB 01
            Counts       1
          Severity       Felony
  Inchoate Charge        Completed
------------------------------------------------------------------
Court Disposition        (Cycle 001)
Court Case Number        74-50031
Final Disposition Date   1974-03-26
Court Agency             NY027011J Rochester City Court
Charge Tracking Number   804723K
            Statute      Possession Stolen Property-3rd Degree (165.40 )
  State Offense Code     PL 165.40
            Counts       1
          Severity       Misdemeanor
  Inchoate Charge        Completed
          Disposition    ( 1974-03-26; Convicted Upon Plea Of Guilty)
------------------------------------------------------------------
Sentencing               (Cycle 001)
Sentence Date            1974-03-26
Court Case Number        74-50031
Charge Tracking Number   804723K
            Statute      Possession Stolen Property-3rd Degree (165.40 )
  NCIC Offense Code      2804
  State Offense Code     PL 165.40
            Counts       1
          Severity       Misdemeanor
  Inchoate Charge        Completed
          Disposition    ( 1974-03-26; )
Sentence                 Probation: 3 Year(s)Fine Amount: $250 Status at
                         the time of sentencing: Adjourned for Payment
*************************  INDEX OF AGENCIES  *************************

Agency                   Rochester City Police Department; NY0270100;

------------------------------------------------------------------
Agency                   Rochester City Court; NY027011J;


                    * * * END OF RECORD * * *
```